# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1894V
UNPUBLISHED

| | |
|---|---|
| GEORGE BROCK,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 22, 2022<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing the Petition; Statutory<br>Six-Month Requirement; Insufficient<br>Evidence; Tetanus, Diphtheria,<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Felicia Langel, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION[1]

On December 17, 2020, George Brock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on January 2, 2018. Petition at 1, ¶¶ 4, 18. In particular, he contended that his "SIRVA symptoms have persisted for more than six months." *Id.* at ¶ 19.[3]

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] As support for this assertion, Petitioner cites only his affidavit. Exhibit 3 at ¶ 17.

On May 2, 2022, Respondent filed his Rule 4(c) Report, opposing compensation in this case. ECF 27. Specifically, he asserted that "there is no evidence to support a finding that [P]etitioner suffered the residual effects or complications of his alleged left SIRVA for more than six months." *Id.* at 13. Instead, he maintained that "based on [P]etitioner's medical records, his alleged shoulder injury resolved within two and a half months." *Id.* at 8.

After concluding that, based upon the record as it currently stood, I could not find that Petitioner provided sufficient evidence to meet the Vaccine Act's six-month severity requirement, I issued an order directing Petitioner to show cause why his claim should not be dismissed. Order to Show Cause, issued June 7, 2022, at 5, ECF No. 30; *see* Section 11(c)(1)(D)(i) (Vaccine Act's severity requirement). Specifically, the current record supported findings that Petitioner's SIRVA injury resolved less than three months post-vaccination, and Petitioner was no longer suffering left shoulder pain by, at least, the second half of April 2018 – three and one-half months post-vaccination. *Id.* at 3-4. Although Petitioner maintained that the left shoulder pain he complained of in January 2020, is continued sequelae of his earlier injury, he had not provided sufficient evidence to support this claim. *Id.* at 4.

On July 21, 2022, Petitioner moved for a decision dismissing his petition. ECF No. 31.[4] In the motion, Petitioner acknowledged that "he will be unable to prove that he is entitled to compensation under the Vaccine Program" (*id.* at ¶ 1) and "to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed his understanding that "a decision by the Special Master dismissing his Petition will result in a judgment against him . . . [and] will end all of his rights in the Vaccine Program." *Id.* at ¶ 3. He indicated that he "intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that he received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table

---

[4] Although Petitioner filed his motion using the CM/ECF event for a Notice of Voluntary Dismissal pursuant to Vaccine Rule 21(a), which would require the signatures of both parties because the Rule 4(c) Report has been filed (Vaccine Rule 21(a)(1)(B)), it is clear from Petitioner's filing that he intended to file a motion for a decision which would result a Judgment being entered in the case. ECF No. 31. For example, Petitioner indicated that "he intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action." *Id.* at ¶ 5; *see* Vaccine Rule 21(a)(2)-(3) (indicating a notice for voluntary dismissal generally results in a dismissal without prejudice and order concluding the proceedings). Although confusing due to its title, "Involuntary Dismissal", it is clear that Petitioner intended to request a dismissal pursuant to Vaccine Rule 21(b). The filing event has been corrected to accurately reflect Petitioner's wishes.

Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that he suffered the residual effects of his injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D)(i). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the residual effects of his alleged SIRVA injury for more than six months. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof.  The Clerk shall enter judgment accordingly.**[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.